**ADVANCED TECHNOLOGY INCUBATOR, INC.,**
**Plaintiff,**

v.

**SHARP CORPORATION,**
**et al., Defendants.**

**Civil Action No. 5:09–CV–135.**

United States District Court,
E.D. Texas,
Texarkana Division.

April 5, 2010.

David B. Weaver, Avelyn Marie Ross, Christopher Vasil Popov, David P. Blanke, Lisa Bowlin Hobbs, Meredith J. Fitzpatrick, Willem G. Schuurman, Vinson & Elkins, Michael J. Smith, Law Office of Michael J. Smith, Austin, TX, Barry Eric Engel, Daniel Fred Allison, Leisa Talbert Peschel, Morgan Lee Copeland, Jr., Peter E. Mims, Vinson & Elkins, Houston, TX, Craig Lee Uhrich, Vinson & Elkins LLP,

New York, NY, Deron R. Dacus, Ramey & Flock, Tyler, TX, for Plaintiffs.

Collin Michael Maloney, Otis W. Carroll, Jr, Ireland Carroll & Kelley, Melvin R. Wilcox, III, Yarbrough–Wilcox, PLLC, Tyler, TX, Joseph S. Presta, Robert W Adams, Updeep S. Gill, Nixon & Vanderhye PC, Arlington, VA, for Defendants.

### ORDER

DAVID FOLSOM, District Judge.

Before the Court is Plaintiff Advanced Technology Incubator, Inc.'s ("ATI's") Objection to Sharp's Designated Trial Interpreter. Dkt. No. 531. Also before the Court is the Sharp Defendants' ("Sharp's") response. Dkt. No. 538. The Court held an Initial Pretrial Conference on April 1, 2010, during which the Court heard oral arguments on the above-mentioned objection. See 4/1/2010 Tr., Dkt. No. 548 at 17:7–22:4. At the April 5, 2010 Final Pretrial Conference, Sharp's proposed Japanese-language trial interpreter, Jared Taylor, was examined under oath by ATI, Sharp, and the Court. See 4/5/2010 Minute Entry, Dkt. No. 551. Having considered the briefing, arguments of counsel, and Mr. Taylor's testimony under oath, the Court finds that ATI's objection should be SUSTAINED.

### I. DISCUSSION

The above-captioned case was previously set on the Court's October 2009 trial docket in the Marshall Division (as Civil Action No. 2:07–CV–468). See 5/19/2008 Docket Control Order, Dkt. No. 43. This case was then continued, transferred to the Texarkana Division (and assigned Civil Action No. 5:09–CV–135), and reset for April 2010. See 9/19/2009 Order, Dkt. No. 372. On September 8, 2009, prior to the October 2009 trial setting, ATI raised the issue of a trial interpreter for Sharp's witnesses. Dkt. No. 531 at 3 (citing Ex. 1). Not until March 2010 did Mr. Taylor appear on the certified interpreter list maintained by the Administrative Office of the U.S. Courts. Id. at 3. Sharp identified Mr. Taylor as its trial interpreter on March 13, 2010. Id. at 4 (citing Ex. 3). ATI objected by letter to Sharp on March 17, 2010, and ATI filed an objection with the Court on March 30, 2010. Dkt. No. 531.

Plaintiff does not challenge Mr. Taylor's qualifications, and the Court accepts that Mr. Taylor is highly qualified as a Japanese-language interpreter. Plaintiff instead points to "bias (or, at a minimum, the appearance of bias)." Dkt. No. 531 at 4.

Under the circumstances of the above-captioned case, although the Court has not found evidence of any actual bias, Mr. Taylor's service as a trial interpreter would raise an appearance of impropriety. Mr. Taylor served on several occasions as a "check interpreter" for Sharp during depositions of Sharp witnesses. Id. at 3. Mr. Taylor testified at the April 5, 2010 Final Pretrial Conference that he provided interpreting services during attorney-client privileged communications between Sharp witnesses and Sharp's counsel in preparing for depositions. Mr. Taylor also testified that he provided Japanese-language interpretation in social settings where Sharp witnesses and Sharp's counsel were present. Sharp's counsel has paid Mr. Taylor at least $22,600 for his services (not including expenses). See 4/5/2010 Def.'s Exs. 1a, 1b, & 1c (filed under seal). Taken together, these circumstances suggest that Mr. Taylor's role was as an interpreter working on behalf of Sharp to assist in preparation of Sharp's case. See 27 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure §§ 6053 n. 8 & 6054 nn. 30 & 31. In light of all of these facts and circumstances, Mr. Taylor's service as a trial interpreter in this case would raise an

appearance of impropriety as to impartiality and conflict of interest. ATI's objection should therefore be SUSTAINED, and Mr. Taylor should be DISQUALIFIED from serving as a trial interpreter in the above-captioned case.

This case has been previously set for Jury Selection on April 6, 2010, with trial to commence on April 7, 2010. *See* 11/17/2009 Agreed Amended Docket Control Order, Dkt. No. 446; *see also* 4/2/2010 Tr., Dkt. No. 549 at 48:15–49:7. Putting Sharp to trial without an interpreter would significantly prejudice Sharp by preventing several of Sharp's witnesses from testifying in their native language. Similarly, it is unclear whether another qualified interpreter is available, and requiring Sharp to find a replacement interpreter on such short notice would unfairly prejudice Sharp. The above-captioned case should therefore be CONTINUED to give Sharp ample opportunity to obtain services of another trial interpreter. Plaintiff should file a motion to reset the case for trial at an appropriate time.

## II. CONCLUSION

ATI's Objection to Sharp's Designated Trial Interpreter (Dkt. No. 531) is hereby SUSTAINED. Mr. Taylor is hereby DISQUALIFIED from serving as a trial interpreter in the above-captioned case. The above-captioned case is hereby CONTINUED. Plaintiff shall file a motion to reset the case for trial at an appropriate time.

IT IS SO ORDERED.